**Walter M. RICE, Plaintiff,**

v.

**W. W. HUTTON, William Hutson, Richard Knipp, Pat Wilkinson, Dave Cahill, Carl Rogers, Richard Milone, Willard L. Anderson, Aubrey Williamson and C. V. Ruark, Trustees of MO–KAN Teamsters Pension Plan, and MO–KAN Teamsters Pension Fund, and General Drivers, Sales Drivers, Warehousemen & Helpers Local 541, and Tolley International Corporation, Defendants.**

No. 79–0314–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

May 22, 1980.

Robert Beachy, Kansas City, Mo., for plaintiff.

A. J. Yonke, Michael Newbold, Yonke & Shackelford, Arthur H. Stoup, Stoup & Bohm, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

The plaintiff, Walter M. Rice, brings this action against the defendants, claiming that he is eligible for pension benefits from defendant Pension Fund, which is an employee pension benefit plan within the meaning of 29 U.S.C. § 1001 et seq.

Plaintiff brings this action in four counts. Count I alleges that he is an employee entitled to retirement benefits under the defendant Pension Plan adopted by the Trustees. Plaintiff claims that his pension application was wrongfully rejected and denied by defendant Trustees, defendant Pension Fund and defendant Tolley International Corporation. Count II incorporates by reference the allegations of Count I and specifically alleges that the defendants may not impose unreasonable conditions of eligibility and/or act arbitrarily in determining eligibility, that the defendants by denying plaintiff benefits under the Pension Plan acted willfully and wrongfully and in disregard of their duties to plaintiff under Section 302 of Taft-Hartley. Count III incorporates by reference all the allegations of Count I and asks for relief against all defendants for past and future pension benefits, costs and attorneys fees. Count IV is against Teamsters Local Union 541 only and claims that the defendant Union failed in its duty of fair representation.

Federal jurisdiction has been invoked under the provisions of 29 U.S.C. § 1132.

This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents and evidence, the stipulation of the parties, and being otherwise fully advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law as required by Rule 52 F.R.Civ.P.

## FINDINGS OF FACT

1. Plaintiff is an individual residing in Wyandotte County, Kansas. The defendants, W. W. Hutton, William Hutson, Richard Knipp, Pat Wilkinson, Dave Cahill, Carl Rogers, Richard Milone, Willard L. Anderson, Aubrey Williamson and C. V. Ruark are Trustees of the defendant MO–KAN Teamsters Pension Fund. Defendant MO–KAN Teamsters Pension Fund is an employee pension benefit fund within the meaning of 29 U.S.C. § 1002(2). The defendant Tolley International Corporation was the contract administrator for the defendants Pension Fund and Trustees. The defendant Teamsters Local Union 541 is a labor organization within the meaning of the Labor-Management Relations Act, 29 U.S.C. § 152.

2. Defendant Pension Fund is a trust fund existing and established pursuant to 29 U.S.C. § 186(c)(5).

3. Defendant Pension Fund was established pursuant to a collective bargaining agreement and particularly an amendment thereto dated October 13, 1969, between the Builders Association of Kansas City (now the Builders Association of Missouri) and Local Union 541 affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, and became effective on January 1, 1970.

4. Pursuant to Article 7, Section 2(a) of the Agreement and Declaration of Trust, the Trustees established and adopted a pension plan of benefits and rules and regulations known as the Pension Plan.

5. The Trust Agreement gives the Trustees authority to determine all questions of the nature, amount or duration of pension benefits and are given the authority to approve or deny applications for pension benefits in accordance with the Pension Plan and pursuant to Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

6. Since 1951 the collective bargaining agreements between defendant Local 541 and the employers who were signatory members of the Heavy Constructors Association of the Greater Kansas City Area, and who are referred to in said agreements as contractors, cover private and public construction in Jackson, Clay, Platte and Ray counties in Missouri, and Wyandotte, Johnson, Leavenworth and Miami counties in Kansas.

7. Work as a truck mechanic or heavy equipment mechanic when performed by an employee of a contractor on a construction site in the area of the AGC or Heavy Constructors' collective bargaining agreements is work covered by said collective bargaining agreements.

8. Work as a truck mechanic or heavy equipment mechanic when performed by an employee of a contractor now bound to a

labor contract requiring contributions to the fund on a construction site in the area of the AGC or Heavy Constructor's collective bargaining agreements is work or service in the construction teamsters industry.

9.  Work performed as a truck mechanic or heavy equipment mechanic when performed by an employee of a contractor on a construction site in the area of the AGC or Heavy Constructor's bargaining agreements is work performed in the jurisdiction of the defendant Pension Fund.

10.  Article 3, Section 1 of the Pension Fund states that requirements for eligibility for normal retirement benefits are as follows:

An employee who is completely retired from covered employment shall be eligible to apply for normal retirement benefits, provided:

(a) the employee shall have at least 20 years of credited service in the jurisdiction of the fund;

(1) the employee shall have reached his 57th birthday;

(2) contributions have been made on the employee's behalf based on at least 4800 hours of covered employment.

11.  Article 1, Section 14 of the Pension Plan, entitled "Past Credited Service, as Amended, effective January 1, 1970" reads as follows:

Past credited service is credit which an employee shall receive for service prior to this Pension Plan's effective date. An employee shall receive one year of past service credit for each calendar year for which he works at least 1,000 hours in the jurisdiction of the Fund. He shall receive one-half year of past service credit for each calendar year for which he works at least 500 hours, but less than 1,000 hours, in the jurisdiction of the Fund. No credit shall be granted for less than 500 hours in any one calendar year. No past service credit shall be granted for service after January 1, 1970.

12.  Plaintiff was employed by Miller Brothers Construction Company as a truck mechanic or heavy equipment mechanic from the first quarter of 1953 through the first quarter of 1959. During the time he was employed by Miller Brothers Construction Company he performed his work in geographic areas covered by the AGC or Heavy Constructors collective bargaining agreement, except for a period of approximately one year when he performed his services in a county west of Topeka, Kansas, which county was outside the geographical areas covered by the AGC or Heavy Constructors laborers contract.

13.  During the time the plaintiff was employed by Miller Brothers Construction Company in the geographical areas covered by the labor contracts, his employment was within the teamsters industry and within the jurisdiction of the Pension Fund.

14.  From the first quarter of 1959 through the last quarter of 1965 and in the years 1968 through the first quarter of 1971, plaintiff was an employee of Newlin Machinery Corporation as a mechanic on heavy construction equipment. Newlin Machinery Corporation was a distributor, sales and service company in the business of selling and servicing heavy construction equipment and other equipment and was a franchise dealer for Allis-Chalmers.

15.  That during the time the plaintiff was employed by Newlin Machinery Corporation he was a mechanic on equipment sold by Newlin that was still under warranty from the sale by Newlin or was leased by Newlin. The plaintiff's mechanical duties in working on this equipment required him to work on the equipment about 80% of the time out on construction sites and 20% of the time in the shop of Newlin Machinery Corporation.

16.  That Newlin Machinery Corporation was a member of the Associated Equipment Distributors of Kansas City and during the time that the plaintiff worked for Newlin Machinery Corporation the corporation was a signatory to a collective bargaining agreement between the Associated Equipment Distributors of Kansas City and the defendant Teamsters Local Union 541 and plaintiff's employment was covered by said collective bargaining agreement.

17.  On February 21, 1966, Local 541 and the Associated Equipment Distributors, including Newlin Machinery Corporation, in-

corporated in the collective bargaining agreement provisions for a pension plan for employees of members of the Association.

18. Plaintiff knew of the Associated Equipment Distributors Pension Plan and was a participant of said plan from the time it was established until his last day of employment with Newlin Machinery Corporation in 1971.

19. Plaintiff was employed by Ace Excavating Company from approximately June, 1971 to April, 1974. During that period the Ace Excavating Company was a signatory and a party to the collective bargaining agreement between Heavy Constructors Association and defendant Local 541.

20. Ace Excavating Company made contributions during the period of plaintiff's employment to defendant Pension Fund on behalf of plaintiff for a period of 4,897.75 hours.

21. During the term of plaintiff's employment, Ace Excavating Company was a contractor in the construction industry and plaintiff was employed as a mechanic working on trucks and heavy equipment used in the construction industry owned by Ace.

22. Plaintiff's employment with Ace Excavating Company was in the construction teamster industry and within the jurisdiction of the Fund.

23. Plaintiff filed an application for normal retirement benefits with defendant Tolley on March 26, 1974.

24. Plaintiff at the time of his application for normal retirement benefits was more than 57 years of age and had more than 4,800 hours of contributions made on his behalf by an employer.

25. On June 24, 1974, the Board of Trustees unanimously denied plaintiff's application for the reason that employment with Newlin Machinery Corporation was not in the construction teamster industry and, therefore, could not be counted towards the 20-year credited service requirement of the defendant Pension Plan.

26. That plaintiff had less than 20 years credited service in the jurisdiction of the Fund.

## CONCLUSIONS OF LAW

1. That the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* conferred jurisdiction on this Court.

2. That the provisions of 29 U.S.C. § 1001 *et seq.* apply to the facts in this case.

3. That the plaintiff failed to qualify for benefits under the defendant Pension Plan and that the defendant Trustees did not act arbitrarily and capriciously in denying plaintiff's application for normal retirement benefits.

The parties agree that the plaintiff has reached his 57th birthday and that contributions have been made into the defendant Pension Fund on the employee's behalf for at least 4,800 hours of covered employment. The sole issue to be decided in this case is whether the plaintiff had 20 years credited service within the jurisdiction of the Fund. In order for the plaintiff to have had 20 years of credited service in the jurisdiction of the Fund, it was necessary that the time that he worked for Newlin Machinery Corporation from 1959 to 1971 be included.

The parties agree that the term "within the jurisdiction of the Fund" pertains to both geographic jurisdiction and work within the construction industry. The period of time that the plaintiff was working for the Newlin Machinery Corporation he was working within the geographic jurisdiction. The sole question remaining was whether during that time he was working within the construction industry. The plaintiff contends that because he was a mechanic working on heavy construction equipment while he was with Newlin, which was the same type of work he was doing while he was working for Miller Construction Company and Ace Excavating Company, that he was working within the construction industry as said term was used in the agreement, and was entitled to the benefits under defendants' Pension Fund.

The defendants concede that while the plaintiff was working for Miller and Ace he was working in the construction industry but that during the time that he was working for Newlin he was not working in the construction industry but was in fact en-

gaged in working for a company that was selling and distributing construction equipment.

This Court has come to the conclusion that during the period of time plaintiff worked for the Newlin Machinery Corporation he was not working in the construction industry. Therefore, he did not have the required 20 years in the construction industry to qualify him for a pension under the defendant Fund. The Court has come to this conclusion because the Newlin Machinery Corporation was not engaged in the construction industry but was in fact engaged in the distribution, sale and service of heavy construction equipment. The Newlin Machinery Corporation did not belong to the Heavy Constructors that had a collective bargaining agreement with Local 541 but belonged to the Associated Equipment Distributors which did have a collective bargaining agreement with Local 541. It is obvious under these agreements that the parties intended that the employees working for the Associated Equipment Distributors were different from the employees working for the Heavy Constructors. The employees working for the Associated Equipment Distributors were working on a 40-hour weekly basis and paid on that basis, while the employees working for the Heavy Constructors were paid on an hourly basis. The amounts paid into the Pension Fund that Local 541 had with the members of the Associated Equipment Distributors was $6.00 per week for each employee while the amounts paid into the defendant Pension Fund by the employers who were members of the Heavy Constructors was $.50 per hour for each employee hour worked. Under the evidence, it is clear that the parties made a distinction between those employees working for the Associated Equipment Distributors and those employees working for the Heavy Constructors. The Newlin Machinery Corporation made payments into the Associated Equipment Distributors Pension Plan on behalf of the plaintiff from the time the Plan was set up in 1966 until he ceased working for Newlin in 1971. Newlin was not required and in fact did not make any payments to the defendant MO–KAN Heavy Construction pension agreement.

The plaintiff had received and was receiving at the time of the trial payments from the Associated Equipment Distributors Pension Fund. It is obvious that the parties intended that employees of the members of Associated Equipment Distributors were not to be included in the construction industry and their pension fund.

The cases hold that the reviewing court will only intervene in the administration of a pension plan where the trustees have acted arbitrarily, capriciously, or in bad faith. *Maness v. Williams*, 513 F.2d 1264 (8th Cir. 1975); *Brune v. Morse*, 475 F.2d 858 (8th Cir. 1973); *Phillips v. Kennedy*, 542 F.2d 52 (8th Cir. 1976).

It is the Court's conclusion that the Trustees have not acted arbitrarily, capriciously, or in bad faith in this matter and that judgment shall be for the defendants on all counts, parties to bear their own costs.